(No. 39270.—

Bruno G. Kobus, Appellant, *vs.* The Formfit Company, Appellee.

*Opinion filed September 23, 1966.*

534

Norman Peters and John G. Phillips, both of Chicago, (Sidney Z. Karasik, of counsel,) for appellant.

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago, (John L. Kirkland and D. Kendall Griffith, of Chicago,) for appellee.

Mr. Justice Hershey delivered the opinion of the court:

Plaintiff, Bruno Kobus, filed an action to recover damages for personal injuries allegedly occasioned by a wilful violation of the Illinois Structural Work Act (Ill. Rev. Stat. 1961, chap. 48, pars. 60-69), commonly referred to as the Scaffold Act. The complaint joined as defendant The Formfit Company, owner of the premises where the construction and the alleged injuries occurred, C. W. Johnson, a heating contractor, and Roberts-Lang-Gray, Inc., a mason contractor. Summary judgments were entered for all defendants. Appeal was taken as to the owner of the premises only. The Appellate Court, First District, affirmed with one judge dissenting. (56 Ill. App. 2d 449.) Plaintiff's petition for leave to appeal to this court was granted.

The question in this case is whether, under the Scaffold Act, an owner of premises may be liable for injuries resulting in a fall from a scaffold which is unsafe where the owner did not himself erect the scaffold, but did act as his own general contractor on the project, engaged an architect

who selected the various contractors and who co-ordinated the work being done, and by contract reserved the right to make alterations or corrections in the work and the right of supervision. This concerns specifically the meaning of section 9 of the act which provides liability of "Any owner * * * having charge of" construction, repairing, alteration, removal or painting of any building or other structure.

Plaintiff contends that an owner of property who acts as his own general contractor, engages an architect to select the various contractors and subcontractors, maintains liason with such contractors through the architect, receives progress reports, reserves the right to make alterations or corrections in the work, and reserves all other powers of supervision, is "in charge of the construction of the building" within the provisions of section 9 of the Scaffold Act and liable for an injury resulting from a scaffold which does not conform to the requirements of the act, even though such owner did not directly construct or supply the scaffold. He insists that the retention of "the right to control" the construction project by the owner constitutes being "in charge of" within the meaning of the statute.

Defendant contends that the right of control by the owner is not sufficient to create liability against an owner of the premises, nor to require submitting the question of liability to a jury. It urges that under the facts of this case the court properly granted a summary judgment in favor of defendant.

From the pleadings, depositions, and affidavit the following facts appear: Plaintiff, Kobus, a sheet metal worker, employed by Airway Heating & Ventilating Systems, Inc., the contractor who was installing the heating system in the building, fell from a scaffold while installing air ducts and sustained severe injuries. Defendant was the owner of the real estate at 5150 West Roosevelt Road, Chicago, and was erecting an addition to its building on such property. Plaintiff's amended complaint alleged that defendant acted as its

own general contractor, hired contractors and subcontractors to perform the work under its direction and control, and that it failed to provide proper safeguards and other protection in and around the scaffold, failed to provide safe supports for the scaffold, failed to erect and construct it in a safe, suitable and proper manner, permitted it to be in use while not constructed in a safe manner, and failed to provide guards or rails. Defendant's amended motion alleged it did not furnish or provide Airway with any material and did not furnish any ladders or scaffolds, did not supervise Airway's employees, and that the scaffold was owned and erected by Airway employees who were under the supervision of George Ulbrick, an employee of Airway. Depositions of George Ulbrick and of Frank Ulbrick, supervisory employees of Airway, confirm this ownership and construction of the scaffold by Airway.

The discovery deposition of Sidney C. Finck, the architect employed by defendant, submitted by plaintiff, indicated he prepared the plans and specifications, took bids, discussed the contracts with the owner, made periodic inspections of the work two or three times a week, conferred with the contractors, and received periodic reports.

The contract used was a short form of The American Institute of Architects. Among its general provisions, it provided that the contractor shall permit and facilitate the inspection of work by the owner and his agents; the owner may order changes in the work; the contractor shall reexecute any work that fails to conform to the requirements of the contract appearing during the process of the work; and the architect shall have general supervision of the work, and is authorized to stop the work if necessary to insure its proper execution.

Much litigation has arisen in recent years in connection with the liability under the Scaffold Act. A great portion of this has centered on the liability of the owner of the premises upon which the construction is being undertaken. No doubt

this has resulted from the fact that most often the injured employee is the employee of a contractor who erected the scaffold or whose fellow employee erected it so that recovery against the party erecting the scaffold is relegated to one under the Workmen's Compensation Act with its limitations on recovery. Under a common-law negligence action against others than the employer, the defenses of assumption of risk and contributory negligence would apply.

The Scaffold Act is a statutory enactment to protect those engaged in extra-hazardous work, and recognizes a duty upon certain categories of individuals to use specified safeguards and standards of safety in the erection of structures where such work employs the use of scaffolds. It does not place a duty, and therefore a corresponding liability for its violation, merely upon the ownership of the premises upon which such construction is being undertaken. It places that duty, among others, upon an owner "having charge of" such construction of a building.

In *Gannon v. Chicago, Milwaukee, St. Paul and Pacific Railway Co.* 22 Ill.2d 305, where the employee of an independent contractor was injured by a fall from a defective scaffold erected by his employer, we remanded the case, holding that an owner of premises was liable under the act only if he was a person "having charge of" the construction. We did not there define what specific acts or factors would satisfy this statutory requirement, but we did hold that the mere fact of ownership of the premises was insufficient for liability. The determination of whether the owner was "in charge of" the construction was held to be a question of fact for the jury under the facts of that case.

In *Larson v. Commonwealth Edison Co.* 33 Ill.2d 316, the principal controversy concerning the owner, Commonwealth Edison, was whether the trial court erred in submitting an instruction to the jury that the plaintiff was not entitled to recover unless he had proved by a preponderance or greater weight of the evidence that Edison had charge of

the work by retaining control and supervision of the work being performed by the subcontractor which had erected the scaffold which fell. We there held that "while the actual exercise of supervision and control over the work and the persons doing it, or the retention of the right to so supervise and control, may be factors bearing on the ultimate factual question of whether an owner is 'in charge', they are not necessary or conclusive factors, nor is either made a *sine qua non* for liability under the statute." 33 Ill.2d at 322.

The purpose of the summary judgment procedure is to permit the court to determine if there is any genuine issue of fact, but not to allow the court to decide factual issues. In our opinion the pleadings, affidavit and depositions before the trial court in this case clearly disclosed a question of fact as to whether defendant, under the facts present, was "in charge of" the construction within the meaning of the Scaffold Act. This presented a jury question. It was therefore error to grant a summary judgment as to defendant owner, and the judgment must be reversed and the cause remanded to the circuit court of Cook County for trial.

*Reversed and remanded.*