Peter Crotty, Plaintiff-Appellee, v. The High-Low Foods, Inc., a Corporation; David A. Alberts and Gunnar G. Alberts, d/b/a Alberts Brothers Construction Company; Will Pechota; Oak Park National Bank, a Corporation, as Trustee Under Trust No. 3355; Richard H. Thomas and Mary S. Thomas, Defendants.

Appeal of David A. Alberts, d/b/a Alberts Brothers Construction Company, Defendant-Appellant.

Gen. No. 50,823.

First District, First Division.

December 12, 1966.

Kirkland, Ellis, Hodson, Chaffetz & Masters and Levin & Upton, of Chicago (David Jacker, Thomas D. Allen, John M. O'Connor, Jr., and Jon R. Waltz, of counsel), for appellant.

Philip E. Howard and Jerome H. Torshen, of Chicago (Jerome H. Torshen, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

This appeal arises from an action brought under the Illinois Structural Work Act (Ill Rev Stats 1957, c 48, §§ 60–69), commonly known as the Scaffold Act, to recover for personal injuries suffered by plaintiff, Peter Crotty, when he fell from a scaffold during construction

of a High-Low store. Defendant David A. Alberts, one of the contractors, moved for a directed verdict at the close of the plaintiff's case and at the close of all the evidence, which was denied. Only plaintiff's claims against Will Pechota, the architect, and Alberts, were submitted to the jury. The jury returned a verdict of $25,000 against Alberts and Pechota and judgment was entered against them.

Alberts appeals from the judgment contending that his motions for a directed verdict should have been granted as the evidence showed that he was not "in charge of" the work in question within the meaning of the Scaffold Act. In the alternative, he asks for a new trial contending that the court erred in instructing the jury, over his objection, that as a matter of law Alberts was "in charge of" the work in question.

The records indicates that Alberts had contracted to do the excavation, foundation, floor, sidewalk and masonry work incident to construction of a High-Low grocery store at 5200 Halsted Street. He received instructions, plans and specifications from codefendant Pechota, the architect, with whom he had worked in building other High-Low stores. He hired August Sievers to make the excavation, put in the foundation, floors and sidewalk himself, and the masonry work was subcontracted to the Dan Heinz Construction Company. Alberts had only an oral agreement with Heinz and gave him copies of the plans and specifications. The plaintiff was employed by Heinz when he fell from the scaffold which had been constructed by other employees of Heinz.

Defendant first contends that the trial court erred in denying his motions for a directed verdict, and for judgment notwithstanding the verdict, since the evidence demonstrated nothing more than sporadic inspection by him, which is insufficient to support an inference that he

was "in charge of" the particular work, within the meaning of the Scaffold Act.

 It is now clear in Illinois that under the Scaffold Act more than one person or firm may be in charge of a construction job from which an injury may occur as a result of a violation of the Act. Gannon v. Chicago, M., St. P. & P. Ry. Co., 22 Ill2d 305, 175 NE2d 785. It is established in the instant case that the employees of Heinz constructed and used the scaffold in question, but the resulting argument that only the persons who actually erect and use the scaffold for work to be performed by them are the only persons who have charge of the work, was rejected in principle in Gannon and specifically in Larson v. Commonwealth Edison Co., 33 Ill2d 316, 211 NE2d 247. The Act is not limited to allowing recovery for violation only against those erecting and using the scaffold, as its purpose is to place a duty upon all persons "having charge of" construction to protect those engaged in a particularly hazardous occupation. Korbus v. The Formit Co., 35 Ill2d 533, 221 NE2d 633.

In the instant case Alberts testified that he gave copies of the plans and specifications to Heinz and periodically went to the work site to check the progress of the work to see if it was being performed to his satisfaction and according to the specifications. He testified further that he did not exercise the right to hire or fire Heinz's workers. He said he noticed that a scaffold was being used, but he had nothing to do with it nor did he check it or make any effort to determine whether the scaffold flooring was secure or loose. He was asked:

> Q. And when you hired Mr. Hines [Heinz] to do the work for you, he was doing it under your direction, wasn't he?
>
> A. That's right.

Q. And you were in charge of his work and the work Mr. Hines [Heinz] was doing?

A. I was the work but not in charge of the scaffold.

Q. You were in charge of the work. You were in charge of the phase of the work he was performing, the mason work?

A. That's right. Mason work.

In the present case the evidence and the reasonable inferences drawn from the evidence supports the plaintiff's case against Alberts and the trial court correctly overruled Alberts' motions for a directed verdict and the motion for judgment notwithstanding the verdict.

■ The remaining question is whether the court erred in charging the jury that as a matter of law Alberts was "in charge of" the work. A trial judge may only give such a peremptory instruction where there is a total absence of evidence or legitimate inference in favor of the opposed party. Here Alberts denied he was the general contractor on the job; he had no workmen at the job site at the time in question; Crotty was not employed by him; he did not prepare the specifications; never gave any orders or instructions to any of Heinz's employees and had not supplied, constructed, erected, maintained or used the scaffold in question.

■ ■ The prerogative of weighing the evidence is not a question of law, but a question of fact for the jury. Miller v. DeWitt, 59 Ill App2d 38, 208 NE2d 249. In our opinion there is a genuine issue of fact as to whether Alberts was "in charge of" the masonry work being performed by Heinz. Even assuming that the greater weight of the evidence may seem to the court to be on the side of the plaintiff, still the question of who besides Heinz is "in charge of" the construction under the facts and circumstances in this case must be submitted as a fact ques-

tion to the jury under proper instructions of the court. Mesich v. Austin, 70 Ill App2d 334, 217 NE2d 574.

For the error in giving the peremptory instruction referred to, the judgment of the Circuit Court is reversed and the cause remanded for a new trial.

Reversed and remanded.

MURPHY, P. J. and KLUCZYNSKI, J., concur.