Frederick Clements, Plaintiff-Appellant, v. The Schless Construction Company, Inc., a Corporation, Defendant-Appellee, Third-Party Plaintiff, v. John F. Hirsch, d/b/a John H. Mosack Company, Third-Party Defendant.

**Gen. No. 67–61.**

Second District.

December 28, 1967.

Rehearing denied and supplemental opinion March 12, 1968.

James A. Dooley, of Chicago, for appellant.

Peregrine, Stime & Henninger, of Wheaton, for appellee.

MR. JUSTICE SEIDEL delivered the opinion of the court.

The plaintiff, Frederick Clements, brought this action under the Structural Work Act (Ill Rev Stats 1959, c 48, § 60 et seq.) against The Schless Construction Company, Inc., a corporation, herein referred to as defendant, to recover damages for personal injuries suffered from a fall while painting the exterior window sashes of a school building in Westmont. There was a trial before a jury in the matter of the claim of the plaintiff against the

defendant, and the jury returned a verdict in favor of the defendant. The court subsequently overruled the plaintiff's post-trial motions and the plaintiff prosecuted an appeal to this court.

The defendant, a general contractor, had an agreement with the School District, whereby it was to provide material and perform services for the work in making certain alterations and repairs to the school building. John F. Hirsch, the third-party defendant, herein referred to as Hirsch, was a subcontractor of Schless doing the painting work. The plaintiff was in the employ of Hirsch as a painter. On the afternoon in question the plaintiff was seen working while standing on a plank scaffold supported by two (2) ladders behind the outside of the school where he was painting. The two (2) ladders had been placed against the building resting at an angle. Each of the two (2) ladders had attached to it a ladder jack. The plank scaffold was supported by the two (2) ladder jacks. Immediately after the occurrence the ladder jack which had been attached to the ladder to the north, as well as the plank, was found on the asphalt surface below and adjacent to the school building. The plaintiff was also found on the asphalt pavement. The ladder jack was immediately below the north ladder. The plaintiff suffered severe personal injuries.

In his complaint the plaintiff charged the defendant, as the general contractor on the job, with violating the Structural Work Act, supra, and not providing ample and safe equipment upon which to work. It was charged that the acts of the defendant were in violation of Safety Rules promulgated with the Illinois Industrial Commission pursuant to the Health and Safety Act (Ill Rev Stats 1959, c 48, § 137.1 et seq.)

Thereafter the defendant filed a third-party complaint against Hirsch and then made a motion for a separate trial. This motion was denied by the trial court. When

the case was called for trial thereafter, the defendant and Hirsch joined in a motion for severance and presented to the plaintiff a certain stipulation. The plaintiff did not enter into this stipulation. Under the terms of the stipulation it was provided that there would be a severance, and

a. The court would instruct the jury concerning the names of the parties and the names of their attorneys, as well as the fact that Hirsch had an interest adverse to the plaintiff;

b. The jury would be selected as in the case of litigation involving multiple defendants;

c. All parties would be permitted to examine the witnesses and Hirsch, if he desired, could supplement evidence offered in defense of the principal action;

d. The jury would be instructed as to the issues in the original case and Hirsch could offer supplemental instructions on behalf of the defendant;

e. The jury would retire and return a verdict upon the principal case only.

The trial court accepted the stipulation and informed the jury that in the course of the evidence reference would be made to Hirsch, and that under the law, Hirsch had a legal interest in the law adverse to the interest of the plaintiff and that he was entitled to be represented at the trial, and that he was represented by an attorney at the trial.

The record shows that counsel for Hirsch participated in the selection of the jury, the examination of witnesses, objected to evidence offered by the plaintiff, participated in conferences on instructions, as well as objected to plaintiff's argument.

Below, and in this court, the plaintiff contends that the trial court did not have jurisdiction to enter an order pursuant to the stipulation and did not have the right to

allow counsel for Hirsch to participate in the trial of the case after the order of severance.

Paragraphs 44(2) and 51 of the Civil Practice Act (Ill Rev Stats 1965, c 110, §§ 44, 51) provide for the consolidation or severance of cases and the mechanics that are to be followed therein. Apparently under these sections there must be either an order of severance or an order of consolidation or an order denying severance. These sections do not provide for further measures. In the case at bar we have a trial of one case in which we have a party plaintiff and a party defendant, and we have participating therein, with the approval of the court, a third party who was not a party to the case being tried. That third party was a stranger and should not have been permitted to participate in the trial. Sjoberg v. Joseph T. Ryerson & Son, Inc., 8 Ill App2d 414, 417, 418, 132 NE2d 56 (1956).

There must be an intrinsic fairness of procedure by which any judgment, order or decree is rendered, and where the procedure followed by the court is so lacking in a principle or principles basic to the existing system of justice that it offends such system of justice, such procedure must be condemned as a denial of due process. City of Chicago v. Cohn, 326 Ill 372, 374, 375, 158 NE 118 (1927); Pettigrew v. National Accounts System, Inc., 67 Ill App2d 344, 350, 351, 213 NE2d 778 (1966).

Under the circumstances it appears that the plaintiff was not afforded the fair and impartial trial that is provided for by constitutional mandates, and one not consistent with the accepted principles of our courts under a fair judicial system. The case should therefore be reversed and remanded to the trial court.

There are other questions concerning instructions and the admissibility of evidence which have been raised on this appeal, but since the case is reversed and remanded

to the trial court for retrial, it is not necessary that this court pass upon these latter questions.

Reversed and remanded for new trial.

DAVIS, P. J. and MORAN, J., concur.

SUPPLEMENT OPINION ON DENIAL OF PETITION FOR REHEARING.

The defendant-appellee filed a petition for rehearing wherein it sought a reconsideration of the court's decision in that: the limited participation by the attorney for the third-party defendant in the original action is no different from the participation by the intervenor; the decision unduly restricts the broad discretion necessarily vested in the trial court by the Civil Practice Act; no substantial prejudice to plaintiff was demonstrated and no question of due process was involved; and the trial judge did not sever the causes of action but only postponed the issues involved in the third-party action until after the determination of the principal action.

After due consideration of the petition for rehearing, we still adhere to the original opinion in respect to the issue therein decided. However, the plaintiff-appellant has urged us to modify the opinion by passing upon the other questions raised in the appeal which were not determined, and which remain inherent in the case. Upon reflection, we believe that the other substantial errors charged by the appellant should be considered in order to preclude a repetition of such errors upon retrial.

■ The court gave defendant's instruction number 8 which required the plaintiff to prove, among other things, "that the defendant was in charge of the work being performed by John F. Hirsch, doing business as John H. Mosack Company." Section 9 of the Structural Work Act (Ill Rev Stats 1965, c 48, par 69) provides in part:

24

"Any owner, contractor, sub-contractor, foreman or other person *having charge of the erection, construction, repairing, alteration, removal or painting of any building* . . . shall comply with all the terms thereof. . . . (Emphasis ours.)

This language has been construed to provide that more than one person or business entity may be in charge of a construction job from which an injury may occur as a result of the violation of the Act. See: Larson v. Commonwealth Edison Co., 33 Ill2d 316, 321, 322, 211 NE2d 247 (1965) ; Gannon v. Chicago, M., St. P. & P. Ry. Co., 22 Ill2d 305, 317–320 incl., 175 NE2d 785 (1961).

In Crotty v. High-Low Foods, Inc., 78 Ill App2d 237, 223 NE2d 442 (1966), at page 240, the court stated:

"It is now clear in Illinois that under the Scaffold Act more than one person or firm may be in charge of a construction job from which an injury may occur as a result of a violation of the Act. Gannon v. Chicago, M., St. P. & P. Ry. Co., 22 Ill2d 305, 175 NE 2d 785. It is established in the instant case that the employees of Heinz constructed and used the scaffold in question, but the resulting argument that only the persons who actually erect and use the scaffold for work to be performed by them are the only persons who have charge of the work, was rejected in principle in Gannon and specifically in Larson v. Commonwealth Edison Co., 33 Ill2d 316, 211 NE2d 247."

In the light of this construction of the Act, the giving of defendant's instruction number 8 was clearly erroneous. Likewise, we believe that the trial court erred in allowing the defendant to introduce in evidence part of plaintiff's depositions as admissions against interest. At all times the plaintiff, who had suffered a brain injury, was present and available to testify. In his original depo-

sition he had no recollection of the occurrence. In his second deposition, after a second fall which fractured his right hip, he stated that he then recalled fragmentary parts of the accident. Under these circumstances, the defendant's counsel should have questioned the plaintiff, upon either direct or cross-examination, concerning any prior statements, contradictory or otherwise, which it believed were admissions by him against interest, or which it believed were contradictory to his testimony given at his depositions, and, therefore, subject to impeachment. See: Haskell v. Siegmund, 28 Ill App2d 1, 11, 170 NE2d 393 (1960) ; Supreme Court Rule 19–10(2) as superseded by Supreme Court Rule 212(a) (Ill Rev Stats 1967, c 110A, par 212(a)). A right sense of fairness requires such procedure, which in turn would afford plaintiff's counsel an opportunity for further proper examination in the area under consideration in accordance with the recognized rules of evidence. People v. Garner, 91 Ill App2d 7, 234 NE2d 39 (1968).

■ At the trial the court, over plaintiff's objection, permitted the witness, Voight, to testify relative to certain customs and practices in Du Page County with reference to the method of erecting scaffolding and ladders. The Structural Work Act, as well as the Health and Safety Rules of the Industrial Commission, control such matters, and the customs and usages of Du Page County are immaterial. Consequently, on retrial, such testimony should not be admitted in evidence.

Certain other minor evidentiary rules were complained of by the plaintiff which we will not comment upon inasmuch as we do not contemplate that they will again arise upon the retrial of the case.

Consequently, the original opinion is confirmed, and the supplementary matters here determined are added for

26

the guidance of the attorneys and trial judge upon retrial.

Reversed and remanded for new trial with directions.

DAVIS, P. J. and MORAN, J., concur.