ALFRED FEIN, Plaintiff-Appellant, *v.* AL TURCHEN, *et. al.,* Defendants-Appellees.

(No. 54874; )

First District—September 21, 1971.

Martin Tiersky, of Chicago, for appellant.

Medansky, Cohan, Medansky & Valentino, of Chicago, (Peter J. Valentino, of counsel,) for appellee.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

This was an action to recover for medical services allegedly rendered by plaintiff to defendants' son at defendants' request. Summary judgment was entered for defendants and plaintiff appeals.

The amended complaint alleged that plaintiff is a doctor licensed to practice medicine in this State; that the defendants, Al Turchen and Sarah Turchen, are husband and wife; and that they have a son, Arthur Turchen. It was further alleged that defendant Sarah Turchen, acting with authority, engaged plaintiff to perform medical services for Arthur, and that there was a balance due for said services in the amount of $738.

The defendants' answer to the amended complaint denied, *inter alia,* that they were indebted to the plaintiff in any amount, and, as an affirmative defense, alleged that defendants had made payment to plaintiff for all services performed by him.

Defendants thereafter filed a motion for summary judgment, alleging that in a discovery deposition taken by defendants, plaintiff admitted that he was a sole medical practitioner; that he billed defendants for treatments of Arthur which were in fact performed by doctors other than the plaintiff and for which services he did not compensate the other doctors; that during a period of time when Arthur had been hospitalized for treatment by plaintiff, plaintiff himself was also hospitalized in a different hospital; that plaintiff requested the other doctors to look after his patients while plaintiff was in the hospital; and that defendants were charged the sum of $800 for services not actually rendered by the plaintiff himself.

Plaintiff filed a motion to strike the motion for summary judgment on the ground that defendants failed to file with the court the deposition taken of plaintiff with which they supported their motion for summary judgment, as required by section 57(3) of the Civil Practice Act. (Ill. Rev. Stat. 1969, ch. 110, par. 57(3). Plaintiff also filed a counter-affidavit in opposition to the motion for summary judgment, alleging in substance that plaintiff had actually treated the defendants' son in the hospital where the son had been confined for a specified period of time; that plaintiff received some $1800 from defendants on account of the said services; that such amount advanced was for services apart from those rendered by the other doctors; that defendants' son was treated by two doctors other than plaintiff who acted for and on behalf of plaintiff, and under his direction and control; that during the period of the treatments of the other two doctors, plaintiff consulted with them and prescribed suitable treatment for defendants' son on an almost daily basis; that defendants continually stated to plaintiff that they would pay for the services he rendered in the consultations with the other two doctors; and that plaintiff would testify to such matters if called as a witness at a trial of the issues.

The trial court denied plaintiff's motion to strike the motion for summary judgment, and judgment was entered for the defendants and

against the plaintiff, from which the plaintiff prosecutes this appeal.

■■ Plaintiff initially contends that the defendants' motion for summary judgment should not have been granted inasmuch as it was based substantially upon excerpts taken from a deposition given by plaintiff which had not been filed with the court as required by Section 57(3) of the Civil Practice Act. Assuming, but without deciding, that the matters quoted from the unfiled deposition were properly before the trial court, it is nevertheless clear that this was not a proper case for the granting of a summary judgment; there existed genuine issues of material fact which necessitated a trial of the cause.

■■ Section 57(3) of the Civil Practice Act recites in part: "* * * The judgment or decree sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law * * *."

The summary judgment procedure permits the trial court to determine if there exists any genuine issue of material fact, but does not permit the court to arrive at a final determination of any such issue which may exist. *Kobus v. Formfit Co.*, 35 Ill.2d 533, 538.

■■ In the instant case, the defendants' affidavit in support of their motion for summary judgment, and the plaintiff's counteraffidavit in support of his motion to strike the motion for summary judgment, create a genuine issue of material fact as to whether the plaintiff was entitled to recover for the services which he alleges he rendered to the defendants' son, in the form of consultations and prescriptions of treatment with the other doctors who were actually treating the defendants' son at the time of plaintiff's own hospitalization. Further, there is an issue of fact as to the number of days the plaintiff was hospitalized, as well as the number of hours for which he was allegedly entitled to compensation in this regard. Whether defendants knew of plaintiff's alleged services in this regard and agreed to compensate him for those services was likewise an issue of fact to be tried. Under the circumstances, summary judgment should not have been granted.

For these reasons the judgment is reversed and the cause is remanded for a trial of the issues.

Judgment reversed and remanded.

LYONS and GOLDBERG, JJ., concur.