Danny **STIFLE**, Plaintiff,

v.

**MARATHON PETROLEUM COMPANY,** Defendant, Third-Party Plaintiff,

v.

**INSULATING & MATERIALS CORPORATION,** Third-Party Defendant.

Civ. No. 86–4152.

United States District Court, S.D. Illinois, Benton Division.

Sept. 22, 1986.

---

Thomas Crosby, Winters & Garrison, Marion, Ill., James Serkland, Serkland & Muehlhauser, Chicago, Ill., for plaintiff.

Rochelle A. Funderburg, John P. Ewart, Scott Landa, Craig & Craig, Mattoon, Ill., John L. McMullin, Brown, James & Rabbitt, P.C., Belleville, Ill., for defendant, third-party plaintiff.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

Before the Court is Third-Party Defendant's Motion to Dismiss Count III of Third-Party Plaintiff's Complaint, as well as the response thereto.

In Count I of the Complaint in this action, Defendant Third-Party Plaintiff, Marathon Petroleum Company, is alleged to have violated the Illinois Structural Work Act, Ill.Rev.Stat. ch. 48, ¶ 60 et seq. (1985). The violation is alleged to have caused plaintiff to incur injuries from a fall. Count II of the complaint alleges negligence on the part of Marathon. In Count III of its Third Party Complaint, Marathon seeks to hold plaintiff's employer, Insulating & Materials Corporation, liable for any judgment against Marathon based on an indemnity clause in the construction contract between the two parties. Insulating & Materials Corporation, as Third-Party Defendant asks this Court to dismiss Count III of the Third-Party Complaint because recovery is based on an indemnity clause which they claim is illegal and void in construction contracts under Ill.Rev.Stat. ch. 29, ¶ 61 (1985).

Ill.Rev.Stat. ch. 29 ¶ 61 reads as follows:

§ 1. With respect to contracts or agreements, either public or private, for the construction, alteration, repair or maintenance of a building, structure, highway bridge, viaducts or other work dealing with construction, or for any moving, demolition or excavation connected therewith, every covenant, promise or agreement to indemnify or hold harmless another person from that person's own negligence is void as against public policy and wholly unenforceable.

The indemnity clause of the construction contract between Marathon and Insulating & Materials Corp. reads as follows:

XI.  Indemnity:

CONTRACTOR agrees to and shall protect, defend, indemnify and hold MARATHON harmless from and against any and all claims, demands, causes of action, damages, suits, costs, losses or expenses (including, but not limited to, attorney fees) arising out of or in any way connected with, directly or indirectly, the performance of work hereunder by CONTRACTOR or any subcontractor of CONTRACTOR, including both acts and omissions to act by CONTRACTOR or any such subcontractor and their agents, servants or employees, respectively.

Without deciding exactly what Marathon is indemnified against, it appears that the contract provides only for indemnification against losses occasioned by the actions or inactions of Insulating & Materials Corp. or its subcontractors. The statute, on the other hand, seems to proscribe indemnification of a person's own negligence and not the negligence of others. That being the case, the indemnification clause would not be facially violative of the statute. However, the recent changes in Illinois, concerning the application of indemnity to negligence and Structural Work Act cases, warrants deeper analysis of the role such a clause plays in matters such as this.

Marathon cites to *Quilico v. Union Oil Company of California*, 58 Ill.App.3d 87, 15 Ill.Dec. 784, 374 N.E.2d 219 (1978) as authority for construing the indemnity clause as valid under Illinois law and holding Marathon harmless as to any losses resulting from Insulating & Materials Corporation's work under the contract. The

*Quilico* case did involve a contract containing indemnity language very close to what Marathon's contract contains, however, the *Quilico* contract was entered into prior to the effective date of Ill.Rev.Stat. ch. 29, ¶ 61. Hence, the Court in *Quilico* had no cause to apply the statute. *Quilico*, 15 Ill.Dec. at 788, 374 N.E.2d at 223. The Court in *Quilico* interpreted the indemnity clause in that contract as protecting the owner (indemnitee) against losses which but for the work performed by contractor (indemnitor) would not have occurred. Finding that the owner's liability under the Structural Work Act was occasioned only as a result of the performance of the work by the contractor, the Court found that summary judgment in favor of the owner (indemnitee) was appropriate. *Quilico*, 15 Ill.Dec. at 792, 374 N.E.2d at 227.

Even though this court is of the opinion that the indemnity clause in the Marathon contract is not proscribed by the statute (though for reasons different than the Court in *Quilico* ), it does take issue as to whether the indemnity clause applies in this case. What the court failed to understand in *Quilico* is that liability under the Structural Work Act cannot be occasioned without some fault of the party charged. The Act does not contemplate strict liability. *Allison v. Shell Oil Co.*, 113 Ill.2d 26, 99 Ill.Dec. 115, 120, 495 N.E.2d 496, 501 (1986); *Kobus v. Formfit Co.*, 35 Ill.2d 533, 535, 221 N.E.2d 633, 635 (1966). Therefore, Marathon cannot be held liable under the Act strictly for the actions of Insulating & Materials Corp. Marathon must have knowingly and willfully violated the provisions of the statute or neglected to use reasonable care in discovering violations. *Davis v. Commonwealth Edison Co.*, 61 Ill.2d 494, 502, 336 N.E.2d 881, 886 (1975).

If Marathon is found to have violated the Structural Work Act, it follows that the indemnity clause will not cover so much of the loss as is caused by Marathon's fault. If any clause did, it would either be in violation of the statute proscribing indemnification of a person's own negligence in construction contracts, Ill.Rev.Stat. ch. 29 ¶ 61 (1985), or it would violate the common law prohibition against indemnification of a willful breach of duty. *See* Restatement (Second) of Contracts § 195 (1981). As this Court interprets the Marathon indemnity clause, it only indemnifies against that part of a loss which results from the fault of Insulating & Materials Corp. As such it is certainly duplicative if not worthless in terms of its application in this suit.

■ With the acceptance in Illinois of comparative negligence (*Alvis v. Ribar*, 85 Ill.2d 1, 52 Ill.Dec. 23, 421 N.E.2d 886 (1981)) indemnity as it applies to construction contracts and the Structural Work Act has become an inapposite legal doctrine. In *Allison v. Shell Oil Co.*, 113 Ill.2d 26, 495 N.E.2d 496 (1986) the Illinois Supreme Court looked at the application of indemnity to a Structural Work Act case. More specifically, the Court examined implied indemnity and found that it was a creature of the contributory negligence system and had no place in comparative negligence where statutory rights to contribution exist. *Allison*, 495 N.E.2d at 500.

The *Allison* decision did not speak directly to the issue of express indemnity. However, it is clear that the statute prohibiting indemnification of one's own negligence in construction contracts, combined with the existing right to contribution, leaves no role for express indemnity. If Marathon willfully violated the Structural Work Act, any indemnification would be violative of public policy and the common law. If Marathon caused the plaintiff's injuries solely through its own negligence, any attempt at indemnification through the contract would violate Ill.Rev.Stat. ch. 29, ¶ 61 (1985). If plaintiff's injuries were the result of actions or inactions on the part of both Marathon and Insulating & Materials Corp., then Marathon's right to contribution inures. There is no application of indemnity involved.

■ This Court finds that the indemnity clause in the Marathon-Insulating & Materials Corp. contract does not indemnify Marathon against its own negligence and further finds that the clause has no applica-

tion in a suit for negligence or a violation of the Structural Work Act. Accordingly, Third-Party-Defendant's Motion to Dismiss Count III of Third Party Plaintiff's Complaint (Document No. 30) is hereby GRANTED.

IT IS SO ORDERED.