CAROLYN STYPINSKI, Plaintiff-Appellant, v. FIRST CHICAGO BUILD-ING CORPORATION, Defendant-Appellee.

First District (6th Division)   Nos. 1—90—2111, 1—90—2343 cons.

Opinion filed May 31, 1991.

Driscoll & Driscoll, of Schaumburg (John M. Driscoll, of counsel), for appellant.

French, Kezelis & Kominiarek, P.C., of Chicago (Michael C. Kominiarek and Russell P. Veldenz, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Carolyn Stypinski, brought this personal injury action to recover damages as a result of a fall on the premises of defendant, First Chicago Building Corporation. Relying on plaintiff's deposition, defendant filed a motion for summary judgment. Plaintiff filed a response, and after hearing argument, the trial court granted defendant's motion for summary judgment. Plaintiff appeals.

The allegations in plaintiff's complaint as to breach of duty were that defendant:

"(a) Carelessly and negligently failed to maintain the floor of the premises so as to avoid injury to the plaintiff on said premises.

(b) Carelessly and negligently maintained said premises so as to allow the floor to remain in an unsafe condition so as to endanger the well-being of plaintiff.

(c) Carelessly and negligently failed to warn the plaintiff and other members of the public of the hazardous condition of the premises.

(d) Carelessly and negligently failed to take precautions to make access over the floor safe for plaintiff and other members of the public.

(e) Carelessly and negligently allowed slush to remain on the floor.

(f) Carelessly and negligently otherwise failed to properly maintain the premises."

The pertinent facts as garnered at the discovery deposition of plaintiff, the only witness to the fall, are as follows. On February 16, 1988, at approximately 5 p.m., plaintiff left work at 11 South La Salle Street to take a subway train home. The day was cold and snowy, and approximately two to three inches of snow had fallen. Plaintiff walked east on Monroe Street and took a short cut through defendant's premises. Everyone was walking in her direction as she walked through the two sets of automatic doors into the plaza. Immediately after walking through the second door, she stepped on slush and snow. Her right foot went out from under her and she landed on her buttocks. It was the slush and snow tracked from the outside which caused her to fall. There was no ice, and the condition was slushy, not solid. The floor of defendant's premises consisted of marble blocks. Defendant had carpeting on its premises, but there was no carpeting at the place of plaintiff's fall; however, the absence of carpeting had nothing to do with her fall. As a result of the fall, plaintiff sustained a compound fracture of her right ankle and a crushing of bones in the ankle.

The sole issue on appeal is the propriety of summary judgment entered in favor of defendant.

■■ ■ In Illinois, in order to recover as a consequence of a fall on ice, snow or water, a plaintiff must establish that the accumulation was unnatural in origin and was created directly or indirectly by the landowner. (*Bernard v. Sears, Roebuck & Co.* (1988), 166 Ill. App. 3d 533, 519 N.E.2d 1160; *Gilberg v. Toys "R" Us, Inc.* (1984), 126 Ill. App. 3d 554, 467 N.E.2d 947.) In order to withstand a motion for summary judgment, a plaintiff must allege sufficient facts to permit a trier of fact to find that the defendant was responsible for an unnatural accumulation of water, ice or snow which caused the plaintiff's injuries. (*Erasmus v. Chicago Housing Authority* (1980), 86 Ill. App. 3d 142, 407 N.E.2d 1031.) A landowner does not have a duty to remove the tracks left by customers who have walked through natural accumulations of snow, slush and water. (*Bernard v. Sears, Roebuck & Co.* (1988), 166 Ill. App. 3d 533, 519 N.E.2d 1160.) However, a landowner does have a duty and therefore may be liable when injuries occur as a result of an unnatural or artificial accumulation of snow and ice or a natural condition aggravated by the

owner. *Williams v. Alfred Koplin & Co.* (1983), 114 Ill. App. 3d 482, 448 N.E.2d 1042.

■ In the present case, plaintiff repeatedly stated at her deposition that her fall resulted from stepping on slush. She also asserted that the slush and snow were tracked in from the outside, and that nothing other than the snow and slush caused her to fall. There are no facts alleged or demonstrated that would allow a trier of fact to find that the slush was anything but a natural accumulation. Thus defendant owed no duty to plaintiff to remove the slush or warn her of its presence. Defendant is not liable for plaintiff's injuries.

■ Plaintiff concedes that normally there is no duty imposed on a landowner for natural accumulations of snow or slush. Instead, relying on *Fanning v. Lemay* (1966), 78 Ill. App. 2d 166, 222 N.E.2d 815, *rev'd on other grounds* (1967), 38 Ill. 2d 209, 230 N.E.2d 182, she argues that the floor surface was defective or was particularly slippery and dangerous when wet. In *Fanning*, plaintiff alleged and presented specific evidence that the materials used in the floor became especially slippery when wet. Plaintiff here stated that defendant's floor consisted of marble blocks, but made no specific allegations nor presented any facts that the floor or any materials used in the floor were particularly slippery and dangerous when wet. Indeed plaintiff insisted that nothing other than the snow or slush caused her to fall. There was no genuine issue of material fact, and the trial court properly entered summary judgment in favor of defendant.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

EGAN and LaPORTA, JJ., concur.