19 F.3d 1436
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Linda HOUSEKNECHT, Plaintiff-Appellant,
v.
SCHNUCKS MARKETS, INC., Defendant-Appellee.
 No. 93-3030.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 23, 1994.
Decided March 7, 1994.
 
 1
 Before FLAUM and EASTERBROOK, Circuit Judges, and ROBERT L. MILLER, Jr., District Judge.*
 
 ORDER
 
 2
 Plaintiff-appellant Linda Houseknecht appeals the district court's award of summary judgment against her in her suit for personal injuries she suffered while entering the appellee's store. The appellee's summary judgment motion asserted that Ms. Houseknecht could not identify any cause of her fall other than a natural accumulation of rainwater; excerpts from Ms. Houseknecht's deposition accompanied the motion. Ms. Houseknecht did not respond, and the court granted the motion. We review the award of summary judgment de novo, Lolling v. Patterson, 966 F.2d 230, 234 (7th Cir.1992), and find no error.
 
 
 3
 To recover for personal injuries occasioned by a fall on ice, snow or water, Illinois law requires a plaintiff to establish that the accumulation was unnatural in origin and was created directly or indirectly by the landowner. Stypinski v. First Chicago Bldg. Corp., 574 N.E.2d 717, 718 (Ill.App.Ct.1991); Bernard v. Sears Roebuck & Co., 519 N.E.2d 1160, 1161-62 (Ill.App.Ct.1988). The record before the district court disclosed no possible source of water other than rain tracked in from the sidewalk; without evidence to support an inference that the accumulation of water was not natural, the appellee cannot be liable for any injury occasioned by water. Richter v. Burton Investment Properties, Inc., 608 N.E.2d 1254 (Ill.App.Ct.1993); Stypinski v. First Chicago Bldg. Corp., 574 N.E.2d 717; Wilson v. Gorki's Food Fair, 554 N.E.2d 412 (Ill.App.Ct.1990); Bernard v. Sears Roebuck & Co., 519 N.E.2d 1160; Lohan v. Walgreens Co., 488 N.E.2d 679 (Ill.App.Ct.1986).
 
 
 4
 Ms. Houseknecht's complaint alleged that her fall was caused not solely by the water, but by "the slippery and unsecured nature of the Defendant's entryway which had become dangerous and defective due to the accumulation of water and/or other substances when joined with unsafe, unsecure and hazardous mats placed on Defendant's entryway floor...." The complaint, however, only frames the issue by which the existence of a material fact issue is to be judged; it does not constitute evidence that a court may consider in determining whether summary judgment is proper. Hughes v. Joliet Correctional Center, 931 F.2d 425, 428 (7th Cir.1991); McCarthy v. Kemper Life Ins. Companies, 924 F.2d 683, 687 (7th Cir.1991); Boruski v. United States, 803 F.2d 1421, 1428 (7th Cir.1986). As the party opposing summary judgment, Ms. Houseknecht bore the burden of coming forward with evidence sufficient to withstand a motion for judgment at the close of the evidence at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Donald v. Polk County, 836 F.2d 376 (7th Cir.1988).
 
 
 5
 The only evidence before the district court concerning the mat, apart from its being wet from rainwater, was Ms. Houseknecht's testimony that when she saw the mat a few days after her fall, the mat "was worn." All reasonable inferences must be drawn in favor of the non-moving party, so we assume the mat observed a few days later was the mat on which Ms. Houseknecht fell, but the statement that the mat "was worn" does not provide proof that the mat was unsafe, unsecure, or hazardous with or without the accumulation of water, or that the mat's condition caused her fall. Without such evidence, Ms. Houseknecht could not prevail on her premises liability claim. Richter v. Burton Investment Properties, Inc., 608 N.E.2d 1254; Stypinski v. First Chicago Bldg. Corp., 574 N.E.2d at 719. Summary judgment was proper.
 
 
 6
 Ms. Houseknecht's claim under section 343A of the Restatement (Second) of Torts fails for the same reason. Without proof that harm was caused by an undisclosed danger, a possessor is not liable under that theory.
 
 
 7
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Judge Robert L. Miller, Jr., District Judge from the Northern District of Indiana, is sitting by designation