THE PEOPLE *ex rel.* CHESTER KWIAT, Plaintiff-Appellant, *v.* THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF SCHILLER PARK, Defendant-Appellee.

(No. 57147; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮)

First District (5th Division)—June 29, 1973.

*Rehearing denied August 10, 1973.*

Richard F. McPartlin, of Chicago, for appellant.

Robert E. Grundin, of Chicago, for appellee.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiff, a full time fireman for the Village of Schiller Park brought a two count complaint in mandamus and declaratory judgment seeking promotion to the rank of lieutenant from an eligible register therefor posted by defendant and for payment of a back salary differential. He appeals from a judgment denying the promotion and back pay which, *inter alia*, found (1) the examination to be meaningless and the promotional eligibility list to be a nullity and (2) that the office of fire lieutenant was never established in that it could not be created by an appriation ordinance and/or a salary ordinance.

Since 1967 the Village Fire Department has consisted of both part time volunteer members and full time civil service firemen. The plaintiff had been a full time fireman since May 1, 1967.

On June 1, 1970, section 5.101 of article I, chapter 5 of the Village Code was amended to read as follows:

> "Section 5.101 ESTABLISHMENT. There is hereby created and established for the Village of Schiller Park a Fire Department which shall consist of a Fire Chief and the following part time

volunteer members of said Fire Department: a Fire Marshal, two (2) Captains, three (3) Lieutenants, a Secretary, a Treasurer and such further part time volunteer members of said Fire Department as may from time to time be provided by ordinance by the President and Board of Trustees of the Village of Schiller Park. Further, there shall be ten (10) regular full time Firemen in said Fire Department. Further, all members of said Fire Department shall be subject to the orders of the Chief of the Fire Department who shall be appointed by the Village President with the consent of the Board of Trustees."

Subsequently, on July 6, 1970, the Village adopted an ordinance which provided pay schedules and compensation for Village employees for the fiscal year commencing May 1, 1970, and including the salary of fire lieutenant at $11,000. On the same date the Village passed the annual appropriation ordinance for the fiscal year beginning May 1, 1970, and ending April 30, 1971. In this ordinance provision was made for salaries of employees of the fire department, including an appropriation of $1,800 for the salary of each lieutenant of volunteers and $33,000 for salaries of full time lieutenants.

On August 17, 1970, defendant issued a notice of an examination for the rank of full time lieutenant in the fire department of the Village and the examination was held on August 22, 1970, following which on September 3, 1970, the defendant posted the resultant eligible register and plaintiff's name appeared on it as the sole successful candidate.

On February 11, 1971, plaintiff wrote the Village President and defendant requesting promotion to fire lieutenant to which the President replied that section 5.101 did not provide for the position of regular full time fire lieutenant and, therefore, neither the Village nor the defendant was empowered to make such an appointment. On March 1, 1971, plaintiff made a formal written demand for his promotion and payment of back salary differential, which was not complied with and the instant proceeding was commenced. Subsequently, plaintiff was informed by defendant it had received a legal opinion that the eligible list was a nullity and that, accordingly, it had been cancelled. The appropriation ordinance for the fiscal year commencing May 1, 1971, made no provision for salary of full time lieutenants.

Plaintiff was never appointed nor did he at any time perform duties as a full time lieutenant.

## OPINION

Basic to plaintiff's position is his contention that the salary schedule

and the annual appropriation ordinances created the position of lieutenant in the fire department and that under section 10—2.1—15[1] of Chapter 24, Ill. Rev. Stat. 1971 (the Fire and Police Commissioners Act adopted by the Village in 1957), the position having been established, the defendant properly held the examination and should have promoted him.

Against this position, the defendant argues that the office of fire lieutenant was unknown to the common law and not having been created by statute it could only be brought into existence by a Village ordinance. It points out that section 5.101 of the Village Code provided for ten full time firemen but no full time lieutenants and it contends that the pay schedule and appropriation ordinances did not, either singly or in combination, create the office which, it maintains, could come into existence only by an ordinance amending section 5.101 to provide for one or more full time fire lieutenants and since no such action was taken, there were no such offices.

Plaintiff, without withdrawing from his position that the office was established by the pay schedule and appropriation ordinances, also contends that, assuming they did not, the fact that no ordinance created the office of full time fire lieutenant is irrelevant. He argues that he need only show there was in existence the position of full time fire lieutenant and he claims that the pay schedule and appropriation ordinances, together with the fact that an examination was held and his name posted to the eligible register established that the position of fire lieutenant did exist. He then argues that defendant should have appointed him from the register and by virtue of section 10—2.1—4[2] of chapter 24, Illinois

---

[1] "The board, by its rules, shall provide for promotion in the fire and police departments on the basis of ascertained merit and seniority in service and examination, and shall provide in all cases, where it is practicable, that vacancies shall be filled by promotion. All examinations for promotion shall be competitive among such members of the next lower rank as desire to submit themselves to examination. All promotions shall be made from the 3 having the highest rating, and where there are less than 3 names on the promotional eligible register, as originally posted, or remaining thereon after appointments have been made therefrom, appointments to fill existing vacancies shall be made from those names or names remaining on the promotional register. The method of examination and the rules governing examinations for promotion shall be the same as provided for applicants for original appointment, except that original appointments only shall be on probation, as provided by the rules. The board shall strike off the names of candidates for promotional appointment after they have remained thereon for more than 3 years, provided there is no vacancy existing which can be filled from the promotional register."

[2] "The board of fire and police commissioners shall appoint all officers and members of the fire and police departments of the municipality, including the chief of police and the chief of the fire department, * * *.
* * *

Revised Statutes 1971, the position then would have been elevated to the status of office. In support of his theory he relies principally upon two cases: *People ex rel. Jacobs v. Coffin* (1918), 282 Ill. 599, 119 N.E. 54, and *People ex rel. Siegal v. Rogers* (1947), 397 Ill. 187, 73 N.E.2d 316.

■■ *Jacobs* involved a petition for mandamus requesting restoration to the position of expert on system and organization. There had been an original appointment to fill a vacancy and the position had been held for approximately three years. Defendant's objection to the petition was based on the assumption that plaintiff was seeking reinstatement to a city office and, because there had been no general law, statute or ordinance providing for the office, the plaintiff, could not be restored to an office that was non-existent. After noting that plaintiff referred to his employment as a position and not an office and stating there was no office in Illinois recognized by statute as expert on system and organization, our Supreme Court stated at p. 607:

> "An employment by a municipal corporation, in the absence of statutory or charter provisions, need not necessarily be by a formal ordinance, by-law or resolution. It may be by contract, express or implied. (28 Cyc. 586.) The allegations of the petition only warrant the conclusion that the place of expert on system and organization therein referred to is an employment or position. A position, which is in the nature of a permanent employment, may, in the absence of statutory or charter provisions, be created without the requirement of a formal ordinance, by-law or resolution. There is no statute in this State that prescribed the manner or method of creating a position or an employment by a city. Said appropriation ordinances in each instance amounted to direct authority by the city council of the city of Chicago to the civil service commissioners to examine, certify, classify and have employed, in accordance with the Civil Service law, an employee for said position or employment. (case cited) The acts of the city of Chicago in repeatedly passing appropriation ordinances for the salary of the place in question, and the action of the civil service commissioners in certifying appellee for appointment to said place, and his appointment and acceptance thereof in pursuance of the Civil Service law, show clearly a legal employment or appointment of appellee to the position aforesaid,

Any full time member of a regular fire or police department of any municipality which comes under the provisions of this Division or adopts this Division 2.1 or which has adopted any of the prior Acts pertaining to fire and police commissioners, is a city officer."

and the allegations in the petition are ample to charge the existence of said position and the employment thereto by the city of Chicago."

In *Siegal* the plaintiff was verbally appointed a village police officer by the village president and subsequent thereto an amendment to the Fire and Police Commissioners Act designated all members of the police department to be city officers. After 11 years he was discharged without a hearing and in defense to a petition for reinstatement the defendant maintained (1) that he had not been appointed in accordance with the statute then in force and (2) that there was no ordinance creating the office at the time of his original appointment.

Our Supreme Court said at p. 193:

"The act describes a member of the police department as holding a 'position' and not an 'office.' This is not without significance, because a municipal position need not be created by formal ordinance but may be established by contract, express or implied, and because an appropriation ordinance accompanied by performance of the duties of the position is sufficient to establish the existence of a position. (*People ex rel. Jacobs v. Coffin*, 282 Ill. 599.) Relator, having performed the duties of policeman for eleven years prior to his discharge and having been paid therefore by appropriate ordinances, must be deemed to have held the position of policeman. The plain meaning of the statute is that one who holds the position of member of a police department is automatically elevated to the status as a city officer. * * * In short, the statute not only creates the office of municipal policeman, but also specifically directs that any person who has occupied the position of policeman for more than one year prior to the adoption of the act is a municipal officer and is entitled to the protection of the act."

We point out here that the plaintiff was never appointed to the rank of fire department lieutenant, nor did he ever perform the duties of that office and, although *Jacobs* and *Siegal* held that a position, which is in the nature of a permanent employment, as is the case here, need not necessarily be by a formal ordinance, we believe that these decisions centered on the fact that the plaintiff in each case had been appointed and served in the position for a number of years. Thus, in this case, if the plaintiff had been appointed a lieutenant in the fire department and had undertaken and performed the duties of that rank, those circumstances coupled with the appropriation ordinances would, under *Jacobs* and *Siegal*, be sufficient to establish the office of lieutenant and give him protection in that rank.

■■ We believe, however, there is no authority that an appropriation ordinance, standing alone and never acted upon, is sufficient to establish an office. Moreover, to permit such a result in the case at bar, would be to hold that the salary schedule and appropriation ordinances worked an implied amendment of section 5.101 of the Village Code which very clearly negates the existence of full time lieutenants in the fire department.

■■ Implied amendments are not favored in this state. Ordinarily, it is only where the terms of a later statute are so repugnant to one earlier in time that they cannot stand together that the earlier statute is regarded as amended and then only to the extent that they are in conflict. *Village of Monsano v. Touchette* (1965), 63 Ill.App.2d 390, 211 N.E.2d 471; *Du Page County v. Harris* (1967), 89 Ill.App.2d 101, 231 N.E.2d 195.

■■ In the case at bar section 5.101 could have been reconciled with the salary schedule and the annual appropriation ordinances. The latter ordinances would have made possible the employment and payment of full time lieutenants in the fire department during the then current fiscal year if, during the course of that year, it should have been decided by the trustees to amend Section 5.101 so as to create the offices. Thus, it would have been possible to give full effect to the pay schedule and appropriation ordinances by amending section 5.101.

For the reasons stated, we are of the opinion that the office of full time lieutenant in the fire department of the Village of Schiller Park never came into existence so that there was no such office to which defendant could have appointed the plaintiff. We therefore affirm that part of the judgment of the circuit court which denied plaintiff a promotion to the rank of lieutenant and payment of back salary differential.

■■ We turn now to the contention of plaintiff that the trial court erred in its findings that the examination for fire lieutenant was meaningless and the eligible register a nullity. The record is not clear but it appears that these findings were based on the court's ruling that the office or position of fire lieutenant had never been created or established.

There appears no question that defendant had the right under section 10—2.1—15 of chapter 24 (Ill. Rev. Stat. 1971) to hold examinations for promotions and to keep eligible registers. We find nothing in Chapter 24 which conditions this right on the existence of any vacancy. It was the correlative right of defendant, in anticipation of the creation of an office or the probability or even possibility of a vacancy, to provide therefor by holding examinations and posting names to registers.

Here the pay schedule and appropriation ordinances, although not creating the office of fire lieutenant, were sufficient indications that the office might be established by the trustees, and, in the efficient conduct

of its business, defendant properly prepared for that possibility by holding the promotional examination so that appointments could expeditiously be made, if and when the office came into being.

We hold that the examination for fire lieutenant and the resulting eligible register were valid and that part of the judgment of the circuit court holding the examination meaningless and the eligible register a nullity is reversed.

Affirmed in part, reversed in part.

ENGLISH and LORENZ, JJ., concur.