(No. 70199.—

KIM TERSAVICH, Appellee, v. FIRST NATIONAL BANK & TRUST OF ROCKFORD, as Trustee under the Residuary Trust of Edward B. Holt, Appellant.

*Opinion filed April 18, 1991.*

CALVO, J., took no part.

Holmstrom & Kennedy, P.C., of Rockford (Bradley T. Koch and Kim M. Casey, of counsel), for appellant.

Ritz, Shair & Willette, Ltd., of Rockford (Craig A. Willette and David K.A. Shair, of counsel), for appellee.

JUSTICE BILANDIC delivered the opinion of the court:

Plaintiff, Kim Tersavich, alleges that she is the daughter, born out of wedlock, of Edward B. Holt. On January 24, 1985, Edward B. Holt (hereinafter settlor or decedent) executed his last will and testament in

which he created a residuary testamentary trust. Defendant, First National Bank & Trust Company of Rockford, was named as trustee (hereinafter bank or trustee). The settlor died on February 17, 1985, less than one month after the creation of the trust. The trust lists decedent's "children" as beneficiaries, but does not list the name of plaintiff, Kim Tersavich. Plaintiff brought an action for declaratory judgment pursuant to section 2—701 of the Code of Civil Procedure, seeking to construe the trust. (Ill. Rev. Stat. 1985, ch. 110, par. 2—701.) Defendant moved for summary judgment (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005), claiming that the action was time-barred under section 8 of the Illinois Parentage Act of 1984 (Parentage Act) (Ill. Rev. Stat. 1987, ch. 40, par. 2508). The trial court granted summary judgment in favor of the defendant bank. The appellate court reversed, finding that the limitations period of the Parentage Act did not apply. We allowed the bank's petition for leave to appeal (107 Ill. 2d R. 315).

The facts, as recited by the appellate court, are not disputed and place the issue in proper perspective.

"The facts here are not substantially in dispute. The decedent died in February 1985 leaving a will dated January 24, 1985. Article I of the will set forth a series of terms and their definitions as used in the will. Article I defined the terms 'spouse,' 'children,' 'executor,' 'first successor executor,' 'trustee' and 'guardian of the person' in this manner, and then these generic terms were used throughout the rest of the will. Thus, a rather general and nonspecific document was tailored to the decedent's wishes mainly through the definitions contained in Article I. Article I indicates that the word 'children' in the will was to mean John E. Holt, Richard R. Holt, Douglas B. Holt, Melissa A. Holt, Nancy L. Holt and Cynthia R. Holt. The name of the plaintiff was not included in this definition of the decedent's 'children.'

Article V of the will created a residuary trust that named as beneficiaries the decedent's spouse and children.

On March 25, 1985, the decedent's will was admitted to probate, and an order declaring heirship of the decedent was entered. The order named six individuals as the only heirs at law of the decedent, and the list of names did not include that of the plaintiff.

On September 11, 1986, the plaintiff filed a complaint for declaratory relief seeking to construe the trust. An amended complaint was filed on November 6. The amended complaint alleged that, although the plaintiff was the decedent's daughter, she was not included within the will's definition of 'children.' This, the plaintiff claimed, constituted a latent ambiguity in the trust. She asked the trial court to enter judgment in her favor by construing the testamentary trust so as to include her within the definition of the decedent's 'children' who were beneficiaries under the trust.

Among the affirmative defenses the defendant advanced was that the plaintiff's claim was barred because it was not filed within the period specified by the statute of limitations contained in the [Parentage] Act, which requires that an action to determine parentage must be brought within two years of the date when the child reaches the age of majority. (Ill. Rev. Stat. 1987, ch. 40, par. 2508.) The age of majority in Illinois is 18. (Ill. Rev. Stat. 1987, ch. 110½, par. 11—1.) Because the plaintiff was born on April 7, 1960, her complaint would have to have been filed by April 7, 1980, if, in fact, the [Parentage] Act applies to this action. The trial court denied the plaintiff's motion to strike this affirmative defense.

The plaintiff filed a motion seeking reconsideration of the trial court's denial of her earlier motion to strike the affirmative defense based on the statute of limitations in the [Parentage] Act. The trial court denied the motion to reconsider, but it certified the question for interlocutory review pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308). In an order issued March 21, 1988,

this court denied the plaintiff's application for leave to appeal.

On September 7, 1988, the defendant filed a motion for summary judgment pursuant to section 2—1005 of the Code of Civil Procedure [citation]. The motion was based, once again, on the plaintiff's failure to file her action within the time specified in the [Parentage] Act. In opposition to the motion for summary judgment, the plaintiff submitted her affidavit and the affidavits of her mother, Mary Katz Moule, and her uncle, Guy Spinello. The trial court granted the defendant's motion to strike the plaintiff's affidavit on the ground that she was an interested party under the Dead Man's Act (Ill. Rev. Stat. 1987, ch. 110, par. 8—201), but the court denied the motion to strike the affidavits of Moule and Spinello. Moule's affidavit recounted her relationship with the decedent, which began in 1959. She indicated that the decedent acknowledged that he was the plaintiff's father. Spinello's affidavit also stated that the decedent had acknowledged that he was the plaintiff's father." 194 Ill. App. 3d 972, 975-76.

Our examination of the record reveals that the bank did not file any counteraffidavits to refute the facts alleged in the affidavits of Moule and Spinello. Therefore, the fact that the decedent acknowledged that he was plaintiff's father was not rebutted.

The issue presented is whether, under the facts of this case, plaintiff's action is barred by the Parentage Act because it was not commenced prior to April 7, 1980, two years after plaintiff reached her majority.

In its answer to plaintiff's complaint, the bank made a general denial of the allegation that the decedent was plaintiff's father. This, according to the bank's theory, made parentage an issue in plaintiff's action to construe the testamentary trust. Therefore, it seeks to apply the statute of limitations of the Parentage Act (which would bar plaintiff's action), rather than the statute of limitations dealing with the construction of

trusts (which would not bar the plaintiff's action). The appellate court declined to apply the statute of limitations of the Parentage Act. The bank asserts that the appellate court committed reversible error.

Section 8 of the Parentage Act provides, in pertinent part, as follows:

> "(a)(1) An action brought by or on behalf of a child shall be barred if brought later than 2 years after the child reaches the age of majority ***." (Ill. Rev. Stat. 1987, ch. 40, par. 2508.)

The Act further provides:

> "In any civil action not brought under this Act, the provisions of this Act shall apply if parentage is at issue." Ill. Rev. Stat. 1987, ch. 40, par. 2509.

The bank contends that parentage is at issue under the pleadings and, therefore, plaintiff's action was barred on her 20th birthday (April 7, 1980). The fact that plaintiff's complaint seeks to construe a testamentary trust and does not seek to recover any money from the decedent for support during the period of her minority is of no consequence. According to the bank, a strict construction of the Parentage Act requires that "if parentage is at issue" the provisions of "this Act shall apply." Ill. Rev. Stat. 1987, ch. 40, par. 2509.

The legislature recognized that the nature of the rights protected by the Parentage Act and the Probate Act of 1975 (Ill. Rev. Stat. 1987, ch. 110½, par. 1—1 *et seq.*) is different and thus requires different time limits within which to assert each right. Although the Parentage Act provides that its provisions shall apply if parentage is at issue, section 8(c) of the Parentage Act also provides, in pertinent part, as follows:

> "(c) This Act does not affect the time within which any rights under the Probate Act of 1975, as amended, may be asserted beyond the time provided by law relating to distribution and closing of decedent's estates or

to the determination of heirship, or otherwise." (Ill. Rev. Stat. 1987, ch. 40, par. 2508(c).)

The Probate Act of 1975, as amended, provides:

"If a decedent has acknowledged paternity of an illegitimate person ***, that person is heir of his father and of any paternal ancestor and of any person from whom his father might have inherited, if living; and the descendants of an illegitimate person shall represent that person and take by descent any estate which the parent would have taken, if living." Ill. Rev. Stat. 1987, ch. 110½, par. 2—2(h).

The facts of this case are unique. Plaintiff was born on April 7, 1960. On her 18th birthday, April 7, 1978, she reached her majority. After April 7, 1980, she would be barred from commencing any action to which the limitation period of the Parentage Act is applicable.

Prior to April 7, 1980, plaintiff had no reason to judicially establish decedent's paternity. The unrebutted affidavits of her mother and her uncle establish the fact that the decedent acknowledged that he was Kim's father; that decedent met, telephoned and corresponded with Kim; that he provided her with mental, emotional and some monetary support; and that he provided her with an automobile and paid for a substantial part of her wedding. Kim's mother's affidavit also states, "I never filed a paternity action against Ed [the decedent] because there was no reason to do so. He admitted and acknowledged her [Kim's] paternity and this was an accepted fact between us."

On January 24, 1985, almost five years after the statute of limitations of the Parentage Act would have barred any action, the decedent created the trust which is the subject of this litigation. He died less than a month after creating the trust.

In ruling on a motion for summary judgment, the evidence is to be construed strictly against the moving

party and liberally in favor of the opponent. (*Killeen v. R.W. Dunteman Co.* (1979), 78 Ill. App. 3d 473.) Summary judgment should be granted only where the evidence, when construed most strongly against the moving party, establishes clearly and without doubt his right thereto. *Marquette National Bank v. Heritage Pullman Bank & Trust Co.* (1982), 109 Ill. App. 3d 532.

Applying these principles to the bank's motion for summary judgment, we conclude that the decedent acknowledged that he is Kim's father. Having acknowledged that Kim is his child, by operation of section 2—2(h) of the Probate Act of 1975, as amended, she is his heir. Therefore, parentage is not at issue and the limitations period of the Parentage Act does not apply. The granting of defendant's motion for summary judgment, based upon the statute of limitations in the Parentage Act, was erroneous. We agree with the result reached by the appellate court when it reversed the summary judgment in favor of defendant and remanded this cause for further proceedings.

Accordingly, the judgment of the appellate court is affirmed.

*Appellate court affirmed.*

JUSTICE CALVO took no part in the consideration or decision of this case.