EDWARD M. HAYES, Plaintiff-Appellant, v. THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF CLARENDON HILLS, Defendant-Appellee.

Second District   No. 2—91—1119

Opinion filed June 26, 1992.

Stanley H. Jakala, of Berwyn, for appellant.

Thomas F. McGuire, of Thomas F. McGuire & Associates, Ltd., of Long Grove, for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

Plaintiff, Edward Hayes, appeals the order of the circuit court of Du Page County granting summary judgment in favor of defendant, the Board of Fire and Police Commissioners of the Village of Clarendon Hills (the Board). On appeal, plaintiff contends that the circuit court improperly determined that he had no property interest in a promotion to the rank of sergeant.

Plaintiff is a police officer for the Village of Clarendon Hills (the Village), having been appointed to the position May 5, 1974. In 1981, then police chief Ronald Lupo determined that the department needed a level of authority between the patrol officers and the sergeants. The applicable Village ordinance provided that the lowest rank was patrol officer and the next higher rank was sergeant. Toward this end, he created the position of assistant shift commander. He named plaintiff, who then held the rank of patrol officer, and two other patrol officers to that position.

In a memo to the Village manager dated March 27, 1981, Lupo explained that the primary purpose of the action was to provide for a definite chain of command when there was no sergeant on duty on a given shift. Assistant shift commanders were to have the same duties the sergeants had when they were on duty. Lupo further explained that these were part-time assignments which could be terminated by him at any time.

To improve morale, Lupo allowed the assistant shift commanders to wear corporal's insignia as a " 'status' symbol." Lupo proposed that the assistant shift commanders receive an additional $600 compensation per year for performing the duties of the position.

According to Francis Gladfelter, former Village manager, the plan described in Lupo's memo was "approved" by the Village board except that the additional compensation was reduced to $500 per year. The record does not contain any further evidence of the Village's official response to this memorandum. However, Village payroll summaries and plaintiff's paycheck stubs show that he did receive the additional compensation. Moreover, the payroll sheets and check stubs contain the notation "(CPL)."

In addition to the uniform insignia, plaintiff purchased a corporal's badge. He both wrote and received memos and other paperwork referring to him as "Corporal Hayes." In 1989, the Village issued him an identification card referring to him as a corporal.

In 1989, the Village conducted a sergeant's examination. Plaintiff took the exam, and, when the eligibility list was posted on December 30, 1989, plaintiff ranked second. Subsequently, the officers who ranked first and third on the eligibility list were promoted to sergeant, but plaintiff was not. The officers promoted were both patrol officers and were not assistant shift commanders.

On February 5, 1990, plaintiff filed a complaint for declaratory judgment. The complaint alleges that section 10—2.1—15 of the Municipal Code (Ill. Rev. Stat. 1989, ch. 24, par. 10—2.1—15), which governs promotions in municipal police and fire departments, requires that "all examinations for promotions shall be competitive among such members of the next lower rank as desire to submit themselves to examination." By virtue of serving as assistant shift commander, plaintiff had attained the "exempt rank of corporal." Moreover, since the rank of corporal was "the next lower rank" to sergeant, the only officers eligible to be promoted pursuant to section 10—2.1—15 were corporals. Plaintiff thus alleged a reasonable expectancy amounting to a property right to be promoted to sergeant, which was violated when two patrol officers were promoted instead of him.

The Board filed an answer in which it admitted most of the factual allegations of the complaint. After conducting discovery, the parties filed cross-motions for summary judgment which were accompanied by excerpts of deposition transcripts and other exhibits. After considering the parties' briefs and arguments, the court granted defendant's motion and denied plaintiff's motion.

Plaintiff filed a timely notice of appeal. The Board filed a notice of cross-appeal. In his appeal, plaintiff contends that the court erred in concluding that plaintiff had no property right to a promotion, since the statute provides that promotions must come from officers of the "next lower rank" without differentiating between "exempt" and "nonexempt" ranks. The Board responds that plaintiff never lawfully attained the rank of corporal and therefore had no right to be promoted in preference to other patrol officers. In its cross-appeal, the board contends that (1) plaintiff waived the right to judicial review of the Board's action; (2) plaintiff is estopped from seeking review of the Board's action; and (3) the Board's actions were in conformity with the law and were not improper.

■ Before considering the issues raised, we must mention a preliminary matter. Although the Board has purported to maintain a cross-appeal, it does not seek relief from the judgment, but merely raises additional arguments in support of the judgment. A cross-appeal is not required since no part of the judgment is adverse to the Board. However, we may consider the Board's arguments, since an appellee may argue in support of the judgment on any basis which appears in the record. *People ex rel. Jones v. Adams* (1976), 40 Ill. App. 3d 189, 193.

■ Proceeding to the merits of the issues raised, plaintiff contends that the record establishes that he has a property right in being promoted to sergeant based on statute and the Board's rules. Plaintiff notes that Clarendon Hills, as a non-home-rule municipality, is subject to section 10—2.1—15 of the board of police and fire commissioners act, which governs the promotion of officers in police and fire departments. That section provides, in relevant part, as follows:

> "The board, by its rules, shall provide for promotion in the fire and police departments on the basis of ascertained merit and seniority in service and examination, and shall provide in all cases, where it is practicable, that vacancies shall be filled by promotion. All examinations for promotion shall be competitive among such members of *the next lower rank* as desire to submit themselves to examination. All promotions shall be made from the 3 having the highest rating, and where there are less than 3 names on the promotional eligible register, as originally posted, or remaining thereon after appointments have been made therefrom, appointments to fill existing vacancies shall be made from those names or name remaining on the promotional register ***." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 24, par. 10—2.1—15.)

The Board has adopted rules and regulations pursuant to the above subsection. In pertinent part, these rules and regulations provide as follows:

> "The Commission shall provide for promotion in the Fire and Police services on the basis of ascertained merit and seniority in service. In all cases where practicable vacancies shall be filled by promotion. Examinations, when ordered by the commission, shall be competitive among such members of lower ranks as desire to submit themselves to such promotion." Rules of Fire and Police Commission of Village of Clarendon Hills, Illinois, ch. III, part F.

Plaintiff points out that the statute and rules do not distinguish between "exempt" and "nonexempt" ranks. Plaintiff defines an exempt rank as one which is created apart from, and is exempt from the authority of, the Board. Plaintiff concedes that he never took an examination for the rank of corporal and was never appointed as such by the Board. In fact, he concedes that such rank is not provided for by the ordinances of the Village. He contends, however, that the evidence demonstrates that he had attained the exempt rank by virtue of his appointment as assistant shift commander, the wearing of corporal's stripes and carrying of a corporal's badge, all with the acquiescence of the police chief, repeated references to the rank of corporal in official correspondence and receipt of additional salary under the notation "cpl."

Plaintiff cites *Perry v. Sindermann* (1972), 408 U.S. 593, 33 L. Ed. 2d 570, 92 S. Ct. 2694, and *Begg v. Moffitt* (N.D. Ill. 1983), 555 F. Supp. 1344, for the proposition that a public employee may acquire a property right in the expectation of continued employment and that such right may be acquired pursuant to statute, regulation, contract or even informal understanding. In this case, plaintiff apparently relies on the combination of the statutory promotional scheme and the informal understanding that he had been promoted to corporal.

The Board essentially accuses plaintiff of wanting to have it both ways. Although he now wants the Board to comply strictly with the statute governing promotions, his alleged entitlement to promotion to sergeant rests on the fact that he was promoted to corporal in violation of this provision. Defendant contends that the statute provides that all appointments to and promotions in the fire and police departments be made by the Board. Since plaintiff was not promoted to corporal by the Board, he did not validly attain that rank (and in fact that rank does not exist). Therefore, he could not have a reasonable expectation of being promoted on the basis of that rank.

In reply, plaintiff argues a type of estoppel theory. Although he concedes that he has no property interest in continuing in the rank of corporal (it was made clear from the beginning that the appointment to assistant shift commander could be terminated at will by the chief), he nonetheless has a property interest in the promotion. He relies on his initial appointment by the chief of police, which included a reference to corporal's insignia, and subsequent ratification, or at least acquiescence, by the Village, which included a reference to "cpl" on payroll documents and the issuance of a card identifying him as a corporal.

We begin our analysis with the general principles which guide our inquiry. In the instant case, the trial court granted the Board's motion for summary judgment. Summary judgment is a drastic means of disposing of litigation and should be allowed only when the right of the moving party thereto is clear and free from doubt. (*Mitchell v. Jewel Food Stores* (1990), 142 Ill. 2d 152, 156.) The purpose of a summary judgment proceeding is to determine whether there are any genuine issues of material fact which should be tried. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240.) In making this determination, the evidence is to be construed strictly against the moving party and liberally in favor of the opponent. (*Tersavich v. First National Bank & Trust* (1991), 143 Ill. 2d 74, 80-81.) In reviewing the granting of summary judgment, our function is to determine whether the trial court correctly found that no genuine issue of material fact existed and whether judgment was correctly entered for the moving party as a matter of law. *Zale Construction Co. v. Hoffman* (1986), 145 Ill. App. 3d 235, 241; see Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c).

In the present case, the parties filed cross-motions for summary judgment. The parties do not contend that genuine issues of material fact exist, but contest which party is entitled to judgment as a matter of law. We hold that the Board proved as a matter of law that plaintiff failed to attain the rank of corporal. Therefore, the trial court properly granted summary judgment for the Board.

In contending that he achieved the exempt rank of corporal, plaintiff relies primarily on evidence that: (1) he wore corporal's stripes on his uniform; (2) he carried a corporal's badge; (3) he was referred to in correspondence as a corporal; (4) he received additional compensation; (5) payroll documents regarding the additional compensation contained the notation "cpl"; and (6) he performed additional duties, including supervision of senior patrol officers. These facts fail to establish that plaintiff somehow metamorphosed into a corporal. They establish, at most, that he was assigned additional duties by the chief of police, received additional compensation appropriate to those duties, and, as a "status" symbol, was permitted to wear uniform insignia to indicate his position as assistant shift commander.

Even more significant is what the evidence does not show. Interestingly, Chief Lupo's March 27, 1981, memorandum explaining his action never states that plaintiff was being promoted to corporal. The memo uses the word "corporal" only once, in explaining that corporal's stripes had been purchased for plaintiff to wear. Although plaintiff's paycheck stubs and Village payroll records demonstrate that plaintiff was receiving additional compensation, in an amount slightly

less than that initially suggested by Lupo, they do not show how this came about. Gladfelter stated at his deposition that the Village "approved" Lupo's memo, but there is no evidence as to how this was done. There is no evidence of the passage of an ordinance or other official action effectuating the change. Also, the use of the abbreviation "cpl" on payroll documents is not significant. Assuming that "cpl" is an abbreviation for corporal, there is no showing of when or how this designation came to be used. The record does not demonstrate who prepared the various documents or under what authority, if any, the "cpl" designation was used. It appears that as time passed plaintiff came to be known colloquially as corporal, rather than by his lengthy formal title, assistant shift commander. This is simply insufficient to make him a corporal. Lupo's memo demonstrates that he never intended to create a new rank between patrol officer and sergeant. The purpose of the action was merely to establish a formal chain of command among patrol officers.

■ In *People ex rel. Siegal v. Rogers* (1947), 397 Ill. 187, the supreme court discussed the distinction between *de facto* and *de jure* police officers. The court stated:

"At the outset, it must be observed that the office of policeman *** was unknown to the common law. Unless created by statute or by ordinance adopted under statutory authority no such office exists." (397 Ill. at 189.)

Nonetheless, the court held that the fire and police commissioners act referred to "police officer" as a municipal position and that a position, as opposed to an office, "need not be created by formal ordinance but may be established by contract, express or implied, and because an appropriation ordinance accompanied by performance of the duties of the position is sufficient to establish the existence of a position." (397 Ill. at 193.) In the instant case, plaintiff has failed to prove the existence of an implied contract or an appropriation ordinance establishing him in the rank of corporal. (*Cf. People ex rel. Kwiat v. Board of Fire & Police Commissioners* (1973), 14 Ill. App. 3d 45 (village board created position of lieutenant, but never appointed plaintiff to it).) Thus, plaintiff could not have had a reasonable expectation of promotion from this rank.

■ The United States Supreme Court has stated "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it." (*Board of Regents of State Colleges v. Roth* (1972), 408 U.S. 564, 577, 33 L. Ed. 2d 548, 561, 92 S. Ct. 2701, 2709.) Plain-

tiff has shown no more than his unilateral expectation that he would be promoted to sergeant.

Plaintiff does not contend that he was denied due process in the promotional examination itself, or that he was denied promotion for an improper reason. *Cf. Begg v. Moffitt* (N.D. Ill. 1983), 555 F. Supp. 1344 (plaintiff alleged he was denied overtime in retaliation for exercising his free speech rights).

Because of our conclusion that plaintiff failed to demonstrate that he attained the rank of corporal, we do not decide whether, under any circumstances, a police department may create a rank without official action by the Board of Police and Fire Commissioners.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

GEIGER and NICKELS, JJ., concur.